

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2008

# Tourchin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4686

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tourchin v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

_____

Nos. 02-3821

_____

VALERIY TOURCHIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from an Order of the
Board of Immigration Appeals
(INS-1: A75-995-304 )
Immigration Judge:  Hon. Alberto J. Riefkohl

_____

05-4686

_____

VALERIY TOURCHIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review from an Order of the Board of Immigration Appeals
(INS-1:A75-995-304)

Initially Docketed as an Appeal from the DCNJ No. 02-cv-01689
Prior to the Enactment of the Real ID Act of 2005

Argued April 8, 2008

BEFORE:  SMITH, HARDIMAN and COWEN, <u>Circuit Judges</u>

(Filed   May 7, 2008)

Andrea Farinacci, Esq. (Argued)
Melissa Kimmel, Esq.
Staci Schweizer, Esq. (Argued)
Howrey
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-0000

Counsel for Petitioner

Ada E. Bosque, Esq. (Argued)
Douglas E. Ginsberg, Esq.
John M. McAdams, Jr., Esq.
John D. Williams, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044-0000

Peter G. O'Malley, Esq.
Office of the United States Attorney
970 Broad Street, Rm. 700
Newark, NJ 07102-0000

Counsel for Respondent

---

OPINION

---

2

COWEN, Circuit Judge.

Valeriy Tourchin is a citizen of Belarus who entered the United States on a tourist visa in 1996. After overstaying his visa, Tourchin filed an application for asylum and withholding of removal. He asserted that he was persecuted and feared future persecution if he returned to Belarus on account of his homosexuality and political opinion.

Tourchin appeared pro se before the immigration judge ("IJ"). At a January 1999 hearing, the IJ explained to Tourchin that he was going to ask him a series of questions and then allow the government to ask him a series of questions about his asylum application. The IJ explained to Tourchin that he would be free to add any additional information regarding his case at the end of the hearing.

Tourchin was a successful businessman in Belarus. On several occasions, members of the KGB tried to extort money from him. Most relevant to this petition for review, in July 1996, KGB agents came to Tourchin's office and told him and his driver to come with them. The KGB agents drove Tourchin and his driver to a secluded wooded area. Upon arriving at this location, the KGB agents killed another individual in front of Tourchin and his driver. The KGB agents then threatened Tourchin. Specifically, the agents threatened Tourchin that they would kill his loved ones. Additionally, the government agents threatened Tourchin with arrest. They told Tourchin that after he was arrested, he would be thrown in prison, and the agents would have prison inmates rape Tourchin. Tourchin explained that it was his impression that the KGB agents were doing

3

this as a way to extort money from him in light of his successful business enterprises. Additionally, Tourchin stated that the government had recently found out that he was a homosexual, and that his sexual orientation also might have played a factor.

The IJ allowed Tourchin to present additional testimony at a February 1999 hearing. At that hearing, Tourchin's boyfriend testified about his relationship with Tourchin while he has been in the United States. At the end of that hearing, the IJ gave Tourchin the opportunity to present additional evidence. Aside from a minor issue regarding his passport, Tourchin declined to present additional evidence or testimony.

On February 20, 2000, the IJ denied Tourchin's asylum and withholding of removal application. The IJ did not make an explicit adverse credibility finding, but he found some of Tourchin's evidence incredible. The IJ stated that he believed that Tourchin was a homosexual. Nonetheless, the IJ determined that Tourchin failed to establish that he was persecuted in Belarus because of his homosexuality. Additionally, the IJ rejected Tourchin's claim that he was persecuted on account of his political opinion. The IJ explained that Tourchin's problems arose because of his success as a businessman, as opposed to a protected ground.

Tourchin was represented by counsel on appeal to the Board of Immigration Appeals ("BIA"). He asserted that he was entitled to a new hearing because he was not adequately aware of his rights and the applicable laws when he appeared before the IJ. Additionally, he reasserted his eligibility for asylum and withholding of removal. On

4

March 18, 2002, the BIA determined that the IJ adhered to the applicable regulations and that Tourchin had a full and fair hearing. Furthermore, the BIA found that the IJ had correctly concluded that Tourchin failed to demonstrate that he suffered past persecution or had a well-founded fear of future persecution on account of a protected ground.

On April 15, 2002, Tourchin filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of New Jersey. The District Court stayed the order of removal pending the outcome of the proceedings. While the habeas petition was pending in the District Court, Congress passed the REAL ID Act. Subsequently, the District Court transferred the habeas petition to this Court, C.A. No. 05-4686.

Tourchin also filed a pro se motion to reopen and reconsider with the BIA. In the motion, Tourchin asserted that his appellate counsel was ineffective. Specifically, he stated that his appellate counsel failed to make a claim pursuant to the Convention Against Torture ("CAT"). Additionally, he asserted that appellate counsel failed to argue that his due process rights were violated at the hearings before the IJ.

On September 13, 2002, the BIA denied the motion. With respect to the motion to reopen to pursue a CAT claim, the BIA stated:

> based on the nature of respondent's claim, appellate counsel did not commit patent error in omitting arguments about the Convention Against Torture. The respondent alleges a fear of corrupt individuals and the conditions of confinement, including the treatment he could potentially receive from fellow inmates. In the absence of prima facie evidence that he faces "torture," as defined by regulation, at the hand of government officials or with government acquiescence, we

5

> find no prejudice flowing from appellate counsel's conduct. . .
> . Similarly, in the absence of prima facie eligibility, a full
> hearing on relief pursuant to the Convention Against Torture
> is not warranted.

(App. 56.) The BIA also determined that even if Tourchin's counsel was ineffective on

his other claims, Tourchin failed to show prejudice. On October 11, 2002, Tourchin filed

a pro se petition for review of that decision, C.A. No. 02-3821. This Court appointed pro

bono counsel for Tourchin.

## I.

We have appellate jurisdiction to review the BIA's final order of removal.[1] See 8

U.S.C. § 1252(a). "'[W]e review the [BIA's] denial of a motion to reopen for abuse of

discretion.'" See Fadiga v. Att'y Gen. of United States, 488 F.3d 142, 153 (3d Cir. 2007)

(quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)). Under this standard, the

BIA's decision "'must be reversed if it is arbitrary, irrational, or contrary to law.'" Id.

(quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002)). The BIA's findings of

fact are reviewed for substantial evidence. See Sevorian, 290 F.3d at 174. "[W]e review

---

[1] In November 2002, Respondent filed a motion to dismiss Tourchin's 2002 petition for review for lack of jurisdiction due to untimeliness. The motion is denied. Respondent admits in its brief that the petitions for review are timely. Indeed, Tourchin filed the petition for review within thirty days of the BIA's denial of his motion to reopen. See Jahjaga v. Att'y Gen. of United States, 512 F.3d 80, 84 n.3 (3d Cir. 2008) ("Review of a denial of a timely motion to reopen must be filed within thirty days of the denial, which constitutes the final order of removal.") (citing 8 U.S.C. § 1251(b)(1)). Additionally, Tourchin's April 15, 2002 request for habeas relief from the BIA's March 18, 2002 order has since been transferred to this Court.

de novo the Board's determination of an underlying due process claim." Fadiga, 488 F.3d at 153 (citing Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005); De Leon-Reynoso v. Ashcroft, 293 F.3d 633, 635 (3d Cir. 2002)).

## II.

Tourchin raises two issues on appeal: (1) whether the BIA erred in denying his motion to reopen so that he could pursue a CAT claim; and (2) whether he was denied a full and fair asylum hearing before the IJ. We consider each of these issues in turn.

### A. *CAT*

In 1998, Congress passed the Foreign Affairs Reform and Restructuring Act of ("FARRA"), Pub. L. No. 105-277, Div. G, Title XXII, § 2242, 112 Stat. 2681-761 (Oct. 21, 1998) (codified as note to 8 U.S.C. § 1231), which authorized implementing Article 3 of the CAT. Article 3 of the CAT states: "No State Party shall expel, return . . . or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." In 1999, "the Attorney General promulgated implementing regulations requiring that withholding of removal be granted to any alien who establishes that it is more likely than not that he or she would be subject to torture if returned to his or her country of removal." Zhong v. United States Dep't of Justice, 480 F.3d 104, 111 (2d Cir. 2007). The regulations provide that "[a]n alien who is in exclusion, deportation, or removal proceedings on or after March 22, 1999 may apply for withholding of removal" under the CAT. 8 C.F.R. § 208.18(b)(1).

7

Pursuant to 8 C.F.R. § 208.18(a):

> (1) Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.
> (2) Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.
> (3) Torture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions. . . .
> (4) In order to constitute torture, mental pain or suffering must be prolonged mental harm caused by or resulting from:
> (i) The intentional infliction or threatened infliction of severe physical pain or suffering. . . .
> (iii) The threat of imminent death; or
> (iv) The threat that another person will imminently be subjected to death, severe physical pain or suffering. . . .

In raising a CAT claim:

> [t]he burden of proof is on the applicant for withholding of removal under this paragraph to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration.

8 C.F.R. § 208.16(c)(2). "The standard for relief has no subjective component, but instead requires the alien to establish, by objective evidence that he is entitled to relief."

8

Sevoian, 290 F.3d at 175 (internal quotation marks and citation omitted). The evidence

considered in evaluating a CAT claim includes:

> (1) [e]vidence of past torture inflicted upon the applicant; (2)
> [e]vidence that the applicant could relocate to a part of the
> country of removal where he or she is not likely to be
> tortured; (3) [e]vidence of gross, flagrant or mass violations
> of human rights within the country of removal; and (4) [o]ther
> relevant information regarding conditions in the country of
> removal.

8 C.F.R. § 208.16(c)(3). For an act to constitute torture it must be:

> (1) an act causing severe physical or mental pain or suffering;
> (2) intentionally inflicted; (3) for an illicit or proscribed
> purpose; (4) by or at the instigation of or with the consent or
> acquiescence of a public official who has custody or physical
> control of the victim; and (5) not arising from lawful
> sanctions.

Auguste v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005).

The Supreme Court has identified three grounds whereby the BIA may deny a

motion to reopen: (1) if the movant failed to establish a prima facie case for the relief

sought; (2) if the movant failed to introduce previously unavailable, material evidence,

and (3) if the BIA determines that even if these requirements are satisfied, the alien would

not be entitled to the discretionary grant of relief sought. See I.N.S. v. Doherty, 502 U.S.

314, 323 (1992). Under the prima facie case standard for a motion to reopen, the

applicant is required to show to a reasonable likelihood that he can establish the merits of

his CAT claim. See Sevoian, 290 F.3d at 175. "A 'reasonable likelihood' means merely

showing a realistic chance that the petitioner can at a later time establish that [CAT relief]

9

should be granted." Guo, 386 F.3d at 564. Stated differently, "[w]hile a 'reasonable likelihood' of a different outcome requires more than a showing of a plausible ground for relief from deportation, it does not require that a different outcome was more likely than not." Fadiga, 488 F.3d at 160-61 (internal quotation marks and citation omitted).

In this case, the BIA's rationale for denying Tourchin's motion to reopen to pursue his CAT claim was that Tourchin was not prejudiced by appellate counsel's failure to include a CAT claim. The BIA determined that Tourchin was not prejudiced because he failed to establish his prima facie case for CAT relief. Our inquiry is limited to the rationale as stated by the BIA. See Konan v. Att'y Gen. of United States, 432 F.3d 497, 501 (3d Cir. 2005) ("It is a bedrock principle of administrative law that judicial review of an agency's decision is limited to the rationale that the agency provides.").

In this case, Tourchin is deemed credible. See Kayembe v. Ashcroft, 334 F.3d 231, 234-35 (3d Cir. 2003) (noting that where the credibility of a petitioner has not been determined, we proceed as if the petitioner was credible). "To determine whether the administrative action was arbitrary, the courts must be appraised why evidence, relevant and persuasive on its face, was discredited." Sotto v. I.N.S., 748 F.2d 832, 837 (3d Cir. 1984). Upon examining the record, the BIA abused its discretion in denying the motion to reopen.

As previously stated, the BIA determined that Tourchin's CAT claim was limited to a fear of corrupt individuals and the conditions of confinement. Nevertheless,

10

Tourchin alleged more than a mere fear of corrupt individuals and the conditions of confinement with respect to his CAT claim. Tourchin's allegations include an incident of past torture, specifically the incident involving Tourchin and the KGB agents at the secluded wooded area. This incident occurred immediately prior to Tourchin's arrival in the United States. The incident also involved death threats to Tourchin's loved ones at the hands of government agents, along with the ability of the government to make good on these threats as illustrated by their murdering another individual in front of Tourchin. The KGB agents also threatened Tourchin with their acquiescence and complicity with other individuals raping him. The failure of the BIA to adequately address this prima facie evidence leads us to conclude that it abused its discretion in denying the motion to reopen.

In its supplemental brief, the Respondent makes two principal arguments. First, it argues that Tourchin's CAT claim was based on the same facts as his request for asylum and withholding of removal. Nevertheless, the standard for receiving CAT relief is different than that under an application for asylum of withholding of removal. See Ambartsoumain v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004). CAT relief does not require any showing that the torture is on account of a protected ground. See id. Second, the Respondent asserts that Tourchin failed to show any likelihood that he would be tortured at the hands of government officials or with government acquiescence if he returned to Belarus. However, the record as described above is to the contrary.

11

Therefore, these arguments are unpersuasive.

## B. *Full and Fair Hearing*

Tourchin also asserts that he was denied a full and fair hearing before the IJ. He argues that the failures by the IJ in conducting the hearing unfairly influenced his asylum application. More specifically, he argues that the IJ's actions prevented him from making his case for asylum. For the following reasons, we disagree.

"Where an alien claims a denial of due process because he was prevented from making his case to the BIA or the IJ, he must show (1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted." Fadiga, 488 F.3d at 155 (internal quotation marks, footnote and citation omitted). In removal proceedings, "[a]n alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (internal quotation marks and citations omitted).

Tourchin principally relies on Jacinto v. I.N.S., 208 F.3d 725 (9th Cir. 2000), as persuasive authority to support his full and fair hearing claim. In Jacinto, the IJ gave the alien the impression that she could either testify on her own behalf or proceed with an attorney. Additionally, at no point in that case did the IJ ask Jacinto if she wished to offer narrative testimony or otherwise afford her the opportunity to present direct testimony.

12

See id. at 728-29. Ultimately, the Ninth Circuit determined that the combined failures of the IJ resulted in a denial of a full and fair hearing. See id. at 734.

Jacinto is distinguishable in several respects. First, nothing in this record suggests that the IJ gave Tourchin the option of either representing himself and testifying, or proceeding with counsel and not testifying. Second, the IJ explained to Tourchin at the beginning of the hearing that he would have the opportunity to add any additional information to his case at the end of the hearing. Subsequently, at the end of the February 1999 hearing, the IJ asked Tourchin if he had anything else to present. Therefore, the IJ never prevented Tourchin from presenting his case.

Furthermore, even if we were to construe the IJ's actions as preventing Tourchin from reasonably presenting his case, Tourchin did not illustrate substantial prejudice. See Kuciemba v. I.N.S., 92 F.3d 496, 501 (7th Cir. 1996) (noting that in order to show substantial prejudice, a petitioner must come forward with concrete evidence to show that the due process violation had the potential to affect the outcome of the case). Tourchin's reliance on our decision in Cham v. Attorney General of United States, 445 F.3d 683 (3d Cir. 2006), is misplaced under these circumstances. In Cham, we noted that the petitioner was brow beaten by the IJ and that the IJ failed to consider corroboration by the petitioner's relatives. The IJ also made an adverse credibility determination in that case. Ultimately, we concluded that the petitioner had to be given a second real chance to create a record at his deportation hearing. See id. at 694. Unlike Cham, there was no

13

adverse credibility determination against Tourchin, nor was there a failure by the IJ to consider proper evidence.[2] Tourchin was not substantially prejudiced even if he had shown that he was prevented from presenting his case.[3]

III.

For the reasons stated above, we deny the Respondent's motion to dismiss. Tourchin's petition for review with respect to his full and fair hearing claims is also denied. We grant the petition for review as to Tourchin's motion to reopen for relief under the CAT. The matter is remanded for proceedings consistent with this opinion.

---

[2] In fact, the record before the IJ included Tourchin's very detailed affidavit in support of his asylum application, which the IJ plainly considered.

[3] Tourchin also argues that the IJ erred by never asking him to designate a country of removal. However, this is the first time that Tourchin has raised the issue, so it is deemed waived. See Drozd v. I.N.S., 155 F.3d 81, 91 (2d Cir. 1998) (stating that an argument is waived if not raised before the IJ or the BIA).